USCA1 Opinion

 

 October 11, 1996 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 94-1881 JOHN MCCABE, Plaintiff, Appellant, v. LEONARD MACH, ETC., ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. William G. Young, U.S. District Judge] ___________________ ____________________ Before Selya, Cyr and Boudin, Circuit Judges. ______________ ____________________ John McCabe on brief pro se. ___________ Scott Harshbarger, Attorney General, Shelley L. Taylor, Assistant _________________ _________________ Attorney General, Nancy Ankers White, Special Assistant Attorney ____________________ General, and William D. Saltzman, Department of Correction, on brief ____________________ for appellees. ____________________ ____________________ Per Curiam. We have reviewed carefully the record in __________ this case, including the trial transcript and the briefs of the parties. We find no reversible error to have occurred. We add only the following. We find no abuse of discretion in the trial court's denial of McCabe's request for appointment of counsel. In a civil case, counsel is required only in "exceptional circumstances" where absence of counsel is "likely to result in fundamental unfairness impinging on [a litigant's] due process rights." DesRosiers v. Moran, 949 F.2d 15, 23 (1st __________ _____ Cir. 1991). The instant case, which did not involve particularly complex questions of law or fact, presented no such exceptional circumstances.  Nor did the court abuse its discretion in admitting testimony, pursuant to Fed. R. Evid. 404(b), concerning prior acts of institutional violence committed by McCabe. Such evidence had bearing on the correction officers' state of mind while attempting to remove McCabe from his cell and thus was relevant to their defense against McCabe's claim to have been the victim of constitutionally excessive force. See ___ McCrary-El v. Shaw, 992 F.2d 809, 812 (8th Cir. 1993). The __________ ____ court committed no error in determining that the probative value of this testimony outweighed any prejudicial effect it might have had on McCabe. -2- Finally, we find no reversible error in defense counsel's appeal to the jurors to "[p]ut yourselves in the [shift commander's] position and ask, as he stood, whether his decision was reasonable." Counsel was not improperly asking the jurors "to depart from neutrality and decide the case on the basis of personal interest and bias rather than on the evidence," Forrestal v. Magendantz, 848 F.2d 303, 309 _________ __________ (1st Cir. 1988), but to evaluate the reasonableness of the situation from what was known to the shift commander. Such an appeal to "collective common sense" is not an inappropriate invocation of the "golden rule." United States _____________ v. Abreu, 952 F.2d 1458, 1471 (1st Cir.), cert. denied, 503 _____ _____ ______ U.S. 994 (1992). Moreover, any possible prejudice which might have arisen was corrected by the court's instructions to the jury that it determine the case "entirely on the evidence as you have seen it and heard it right in this courtroom. Without any bias, without any prejudice." See ___ Forrestal, 848 F.2d at 309 (no prejudice where proper _________ instruction cured "golden rule" error). Affirmed. ________ -3-